Per Curiam.
 

 Petitioner, a detective in the Nassau County Police Department for about 18 years, was discharged from his position by the respondent Police Commissioner on a plea of guilty to written charges against him that he had filed with the Clerk of the Traffic Court a “ false ” summons and complaint in connection with a traffic case, and had solicited “ other
 
 *522
 
 members of the Police Department” to “ assist him in the preparation and verification ” of a “ false ’ ’ summons and complaint.
 

 This plea of admission to the bare charges is all that is factually resolved in the record. Such other facts as have come into the record are largely on secondary knowledge and many of them are in dispute. Upon receiving the plea, the hearing officer made findings which literally followed the form of the charges and transmitted them to the respondent Commissioner with the recommendation that the Commissioner “ impose such disciplinary action * * * as he shall deem just and proper ’ ’. Upon this, the Commissioner removed petitioner from his position. On review of this record in which the facts actually resolved are bare and meager and open to various interpretations, and other facts which would throw light on them are disputed, the courts which reviewed the case in this article 78 proceeding have reached different conclusions. The court at Special Term reduced the punishment to a three months’ suspension under subdivision 3 of CPLB 7803, and the Appellate Division, reversing the order, reinstated the Commissioner’s determination discharging petitioner.
 

 A comprehending judicial review of the “ measure ” of discipline to determine whether it lies within a reasonable discretion under subdivision 3 of CPLB 7803 requires more than this record brings up.
 

 The uncertainty of the record which seems to have led the courts to give different decisions on the “measure” of discipline is indicated in several aspects which appear unsettled or unresolved. The petitioner sets forth, for example, that during petitioner’s long service in the department he has always “ been a member in good standing * * * with an unblemished and clean record the Commissioner’s answer denies any knowledge or information sufficient to form a belief on this subject.
 

 The Commissioner’s answer also sets forth, in a form based on a direct personal knowledge, facts concerning petitioner’s actions in relation to the handling of the traffic charge in issue, but in an affidavit supporting the answer the Commissioner states that his personal familiarity with the facts is based on “papers in his possession and from conversations had with
 
 *523
 
 the Trial Commissioner and with those Police Officers who participated in the preliminary investigation of this matter, which led to the commencement of the disciplinary proceedings against the petitioner herein.” The record does not disclose what these facts were.
 

 A reply affidavit by petitioner seems in part based on
 
 ‘ ‘
 
 rebuttal argument” and in part, not clearly identified, on his statement of actual facts. Beading all the papers in the case uncovers a mass of disputed and confused statements revolving around the true significance of the bare charges as admitted by petitioner.
 

 In a case such as this, where it appears that the determination on discipline was based on matters not disclosed by the record, the respondent Commissioner should be required in pursuance of subdivision (e) of CPLB 7804 to add to the record the material on which he based his decision. The factual issues raised by the pleadings and accompanying affidavits should then be resolved in plenary fashion at Special Term as a basis for adequate judicial review of the “measure” of discipline imposed.
 

 The order should, accordingly, be modified and the proceeding remitted to Special Term.
 

 Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
 

 Order modified, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.