In the Matter of STEPHEN J. ARNOLD et al., Appellants, v THOMAS A. CONSTANTINE, as Superintendent of the Division of New York State Police, Respondent.

Third Department, November 15, 1990

APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning, P. C. (John R. Saccocio* of counsel), for appellants.

*Robert Abrams, Attorney-General (Nancy A. Spiegel* and *John Q. Driscoll* of counsel), for respondent.

**OPINION OF THE COURT**

MIKOLL, J.

The issues presented by this appeal are whether respondent's classification of pilots in the Aviation Unit of the State Police as Troopers instead of Technical Sergeants violates petitioners' equal protection rights under the State and Federal Constitutions, violates Civil Service Law § 115 or is an abuse of discretion under Executive Law § 215.

When the present Aviation Unit was established in 1967, its duties were restricted to law enforcement duties and it was essentially a daylight operation. In 1985, respondent determined that the duties of the Aviation Unit needed expansion to a 16-hours-a-day, seven-days-a-week operation. In addition to law enforcement missions, new duties included life-saving hospital-to-hospital transfers, on-scene extrications and crime surveillance. Before 1985, assignments of qualified Troopers were at the rank of Technical Sergeant *(see,* New York State

Police Administrative Manual former § 22A1 [c]). However, in 1985, a bulletin issued seeking applicants for the positions stated that the positions would be filled at the rank of Trooper. The New York State Police Administrative Manual former § 22A1 was amended on December 1, 1986.

On July 11, 1985 petitioners Philip J. Nadig, Robert E. DeWitt and Stephen L. Arnold were assigned to the Aviation Unit as Troopers. Petitioner Denis J. Millea was appointed to the Aviation Unit on September 4, 1986, also to the rank of Trooper. All members of the Aviation Unit, except for those in supervisory positions, hold the rank of Technical Sergeant. The latter position is a noncompetitive rank, made at respondent's discretion without competitive exam, to fill positions requiring highly specialized technical skills.

After their appointment, petitioners became dual rated.* Upon respondent's failure to promote petitioners, they commenced a noncontract grievance under the collective bargaining agreement. The grievance was denied in the second and third steps as not within the reviewing officer's authority to grant. At the fourth level, it was denied on the grounds that it was untimely and the discretion exercised by respondent was not arbitrary or capricious.

Petitioners brought this CPLR article 78 proceeding challenging respondent's failure to compensate them at the same rate of pay as other pilots in the Aviation Unit. In the first and third causes of action, petitioners allege that the failure to pay them at the rate of all other pilots in the Aviation Unit was a violation of "equal pay for equal work" provisions of Civil Service Law § 115, and the failure and refusal to appoint them to the rank of Technical Sergeant was an abuse of respondent's discretion to make such appointments under Executive Law § 215. In the second cause of action, petitioners alleged a violation of their equal protection rights under the Federal and State Constitutions. Supreme Court converted the second cause of action into an action for declaratory judgment and, relying on *Matter of Tolub v Evans* (58 NY2d 1), declared that respondent's actions were based on fiscal constraints which provided a rational basis for petitioners' disparate treatment. The court also found, citing to *Matter of Shattenkirk v Finnerty* (97 AD2d 51, *affd* 62 NY2d 949), that there was a legitimate State purpose to be served by the appoint-

---

* A dual-rated pilot is one that is commercially licensed to operate both fixed-wing aircraft and helicopters.

ments which legitimized petitioners' unequal treatment as to wages and did not violate petitioners' equal protection rights.

■ Initially it is to be noted that, with the exception of Arnold, who left the Aviation Unit, petitioners have all been upgraded subsequent to the commencement of this proceeding. Nevertheless, we deem it appropriate to resolve the issue presented herein because respondent continues to make initial appointments to the Aviation Unit at the rank of Trooper.

■ There should be an affirmance. A violation of equal protection is deemed to occur when a State agency treats persons similarly situated differently under the law *(Matter of Abrams v Bronstein,* 33 NY2d 488). "For equal protection purposes, the appropriate standard for judicial review of a regulation * * * is that it be sustained unless it bears no rational relation to a legitimate government interest" *(Matter of Shattenkirk v Finnerty,* 97 AD2d 51, 55, *supra; see, Schneider v Ambach,* 135 AD2d 284, 288).

Respondent's purported objective in classifying new entry pilots to the Aviation Unit as Troopers was to obtain the additional pilots necessary to meet the demands of an expanded pilot program for the Aviation Unit which was vital to the public's interest. Respondent's stated objective in reclassifying the entry-level rank was to maintain a continuity of qualified pilots for a vital public service without dependence upon the availability of budget appropriations needed to create Technical Sergeant positions. We concur with Supreme Court's declaration that differences in treatment of entering Troopers were justified since their appointment was necessitated and related to a legitimate State interest. We conclude that no equal protection rights under the State and Federal Constitutions were violated.

We note as well that the appointments to rank of Trooper were meant to be temporary. In 1987 and 1988, respondent had requested upgrades from Trooper to Technical Sergeant for pilots in the Aviation Unit. At least one upgrade requested by respondent was approved by the Budget Director. Since respondent's requests were mostly denied and respondent was without authority to otherwise appoint Technical Sergeants *(see,* Executive Law § 215 [1] [a]), his actions in appointing pilots to the rank of Trooper were neither arbitrary nor capricious and not an abuse of discretion.

■ Finally, Supreme Court properly dismissed petitioners' request for relief under Civil Service Law § 115. The statute

enunciates the policy of the State to provide equal pay for equal work. Such principle need not be applied in all circumstances *(see, Matter of Shattenkirk v Finnerty, supra)*. Respondent's actions are rationally based and, consequently, we find Executive Law § 215 not implicated.

MAHONEY, P. J., KANE, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.