■ In the Matter of PAUL ALTRUDA et al., Appellants, v DALL W. FORSYTHE, as Budget Director of the State of New York, et al., Respondents.—Mercure, J. Appeal from a judg-

ment of the Supreme Court (Kahn, J.), entered February 20, 1991 in Albany County, which, *inter alia,* dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to compel respondents to increase petitioners' salaries.

Legislation enacted in 1988 provided for a series of pay increases for nonrepresented State employees in specified grades (L 1988, ch 732, § 1) and also authorized the director of the budget to withhold any pay increase "to reflect the job performance of such officer or employee, or to maintain appropriate salary relationships among officers or employees of the state, or to reduce state expenditures to acceptable levels or, when in the opinion of the director of the budget, such increase is not warranted or is not appropriate" (L 1988, ch 732, § 13 [9]). Pursuant to that authority, respondent State Budget Director (hereinafter respondent), issued Budget Bulletin D-1079, which provided, among other things, that deputies and senior managers receive the prescribed salary increases only up to the current salary of their commissioners or agency heads and that those whose salaries currently exceeded the salary of their commissioners or agency heads receive no raise at all. Petitioners, employees of the Insurance Department holding competitive and noncompetitive civil service positions in salary grades M-6 and M-7, commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking a declaration that Budget Bulletin D-1079 violates their constitutional right to equal protection of the law, constitutes an abuse of discretion, and is irrational and contrary to various statutory provisions. The central thrust of petitioners' challenge is that, because their salaries are tied to the comparatively low salaries of the Superintendent and First Deputy Superintendent of Insurance, Budget Bulletin D-1079 disproportionately and unfairly impacts them and causes their salaries to be less than those of similarly situated employees in other State agencies. Finding the decision of this court in *Matter of Shattenkirk v Finnerty* (97 AD2d 51, *affd on opn below* 62 NY2d 949) to be controlling, Supreme Court dismissed the CPLR article 78 proceeding and made a declaration in respondents' favor. Petitioners appeal.

We agree with Supreme Court's reasoning and accordingly affirm. In *Matter of Shattenkirk v Finnerty (supra),* the petitioners challenged Budget Bulletin D-1052, which capped the salaries of State employees in management/confidential positions designated grades M-6 to M-8 at 98% of their supervisor's salary and further provided that certain exempt manage-

ment/confidential employees would receive no salary increase at all *(supra,* at 52-53). This court rejected the contentions that the bulletin violated State and Federal constitutional equal protection provisions because some management/confidential employees did receive the scheduled salary increase and that the bulletin violated Civil Service Law § 115 and was an arbitrary and capricious exercise of administrative authority *(supra).* To the contrary, we held that Budget Bulletin D-1052 was promulgated pursuant to legitimate State objectives, i.e., salary compression *(supra,* at 55-57) and the conservation and allocation of the State's limited resources *(supra,* at 59), and that the classification was rationally related to those purposes *(supra,* at 57, 59).

Turning to the instant proceeding, we are not persuaded by petitioners' efforts to distinguish the issues now raised from those advanced and rejected in *Matter of Shattenkirk v Finnerty (supra).* In our view, the delegation of power contained in the Laws of 1988 (ch 732) is sufficiently broad to authorize respondent's determination to cap salaries in order "to maintain appropriate salary relationships among officers or employees of the state, or to reduce state expenditures to acceptable levels" (L 1988, ch 732, § 13 [9]). We also disagree with the dissent's position that respondent was required to detail his subjective rationale for promulgating Budget Bulletin D-1079. In our view, the appropriate inquiry is whether, viewed objectively, the bulletin fulfills a valid State objective *(see, Matter of Shattenkirk v Finnerty, supra,* at 55). Inasmuch as this court has already determined that legislation addressing salary compression and promoting the State's fiscal well-being serves legitimate State objectives *(see, supra,* at 55-56, 59), we need consider the issue no further. Finally, the State policy of "equal pay for equal work" *(see,* Civil Service Law § 115) need not be applied in all circumstances *(see, Matter of Arnold v Constantine,* 164 AD2d 203, 206-207; *Matter of Shattenkirk v Finnerty, supra,* at 56).

Petitioners' remaining contentions have been considered and rejected as meritless.

Mikoll, J. P., and Mahoney, J., concur.

Crew III, J. (dissenting). Because I believe that the majority's reliance on *Matter of Shattenkirk v Finnerty* (97 AD2d 51, *affd on opn below* 62 NY2d 949) is misplaced, I would reverse Supreme Court's judgment. The authority to withhold an increase in compensation provided for in that case was far broader than that provided for in the case at bar. In *Shattenkirk* the statute provided that, "Notwithstanding the foregoing

provisions of this section, any increase in compensation provided by this section may be withheld in whole or in part from any officer or employee when in the opinion of the director of the budget, such increase is not warranted or is not appropriate" (L 1982, ch 460, § 7 [10]). The Budget Director in *Shattenkirk* submitted a 13-page answering affidavit wherein he thoroughly and meticulously set forth the basis for Budget Bulletin D-1052 which provided that management/confidential employees were to receive their salary increases only to the extent that the increase would not elevate their salaries to the point where they were greater than 98% of their supervisor's salary. Budget Bulletin D-1052 also directed that all "exempt" employees in positions designated as management/confidential and earning more than $23,065 annually would not receive any salary increase. The Budget Director's affidavit explained that the 98% rule was based upon salary compression considerations, clearly delineated what those considerations were and how the 98% rule addressed those considerations. Additionally, the affidavit described in detail the budget crisis then being experienced by the State and the alternatives that the Budget Director considered, including the salary cap imposed and why he opted to elect the salary cap to the exclusion of other considerations in addressing the fiscal crisis. We held that both of those considerations were rationally related to a legitimate State purpose and, inasmuch as the statutory delegation authorizing the Budget Director to withhold salary increases imported no limitation as to how he should carry out those State objectives we found his action to have been rational *(see, Matter of Shattenkirk v Finnerty, supra,* at 59).

The case at bar differs from *Shattenkirk* in two significant ways. First, the statutory delegation to the Budget Director in this case contains decided limitations on the authority to withhold the legislated pay increases *(see,* L 1988, ch 732, § 13 [9]). The Budget Director may do so only when it is necessary to reflect the job performance of an employee, to maintain appropriate salary relationships among officers or employees, to reduce State expenditures to acceptable levels, or when such an increase is not warranted or appropriate and the salary of the employee is set at the discretion of the appointing authority. Second, while in the case at bar, there is a brief reference in the answer to salary compression, there is no explanation as to how and why such consideration served "to maintain appropriate salary relationships among officers or employees" *(supra)* in view of the Budget Director's Budget Bulletin D-1077, issued one year earlier, which permitted increases in salaries in excess of those provided for the com-

missioners of their respective agencies.* And while Supreme Court determined that the challenged bulletin was promulgated in response to State fiscal concerns, there is nothing in the record to warrant such a determination.

The Budget Director did submit an affidavit with the answer in which he concluded that Budget Bulletin D-1079 is rational and in accordance with legislative mandates. This falls far short of the legislative requirement that a respondent's answer be supported by pertinent and material facts showing the grounds of the complained-of action *(see,* CPLR 7804 [d]). Absent a complete explanation of the Budget Director's reasons for promulgating Budget Bulletin D-1079, as was the case in *Matter of Shattenkirk v Finnerty (supra),* neither we nor Supreme Court can determine whether they were rational in relation to the authority delegated to him pursuant to the Laws of 1988 (ch 732, § 13 [9]) *(cf., Matter of Fischer v Kelly,* 17 NY2d 521). Supreme Court was authorized to and should have ordered respondents to supply that omission with their answer *(see,* CPLR 7804 [c]; *Matter of Fischer v Kelly, supra,* at 522-523), but did not do so.

I would therefore reverse the judgment, reinstate the petition and remit the matter to Supreme Court for further proceedings with a direction that respondents serve a new and proper answer.

Ordered that the judgment is affirmed, without costs.

---

*I note, parenthetically, that the so-called 100% rule established in Budget Bulletin D-1079 would seemingly have the effect, in many instances, of impairing the salary relationships among officers and employees.