(March 29, 1995)

■ ELLEN J. ABBERBOCK et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [624 NYS2d 446] —In an action, *inter alia,* for a judgment declaring unconstitutional Nassau County Ordinances 2-1991, 493-1991, 16-1992, and 19-1992, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated August 26, 1993, which granted the defendants' motion for summary judgment declaring that these ordinances represent a permissible exercise of the County legislative powers.

Ordered that the order is affirmed, with costs.

The plaintiffs contend, *inter alia,* that the defendants' decisions to freeze and cut the salaries of certain management/confidential nonunion employees, while agreeing to salary increases for nonmanagerial/confidential union employees, violates the Equal Protection Clauses of both the State and Federal Constitutions. Under both the New York State and Federal Constitutions, an equal protection challenge based upon an economic classification, as here, must be judged under a "rational basis" standard *(see, New York City Managerial Empls. Assn. v Dinkins,* 807 F Supp 958, 964, 965, n 4; *Matter of Doe v Coughlin,* 71 NY2d 48, *cert denied* 488 US 879; *Matter of Abrams v Bronstein,* 33 NY2d 488, 492-493; *Matter of Arnold v Constantine,* 164 AD2d 203, 206; *Margolis v New York City Tr. Auth.,* 157 AD2d 238, 240-241). The rational basis standard has two prongs: (1) the challenged action must have a legitimate purpose and (2) it must have been reasonable for the legislators to believe that the challenged classification would have a fair and substantial relationship to that purpose *(see, New York City Managerial Empls. Assn. v Dinkins, supra,* at 965). An economic classification such as the defendants' salary actions will not be set aside if any set of facts reasonably may be conceived to justify it *(see, New York City Managerial Empls. Assn. v Dinkins, supra,* at 965; *McGowan v Maryland,* 366 US 420, 426; *People v Ditniak,* 28 NY2d 74, 78). Indeed, the defendants' actions are entitled to a presumption of rationality "that can only be overcome by a clear showing of arbitrariness and irrationality" *(Hodel v Indiana,* 452 US 314, 331-332; *see also, Matter of Subway-*

*Surface Supervisors Assn. v New York City Tr. Auth.,* 56 AD2d 53, 59).

On the record before us, we find that there is a legitimate governmental purpose for the defendants' actions and that there is a rational relationship between the classification and these actions. The plaintiffs have failed to demonstrate that the classifications chosen by the defendants are so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that their actions were irrational. A governing body does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect *(Gregory v Ashcroft,* 501 US 452, 472-473; *Matter of Tolub v Evans,* 58 NY2d 1, 8).

We further find that the challenged ordinances do not violate Nassau County Charter § 1307 requiring salaries to be standardized "so that, *as near as may be,* equal pay may be given for equal work [emphasis added]". The general principle of "equal pay for equal work" need not be applied in all circumstances *(see, Matter of Shattenkirk v Finnerty,* 97 AD2d 51, 56, *affd* 62 NY2d 949; *accord, Matter of Altruda v Forsythe,* 184 AD2d 881, 883; *Matter of Arnold v Constantine,* 164 AD2d 203, 206-207, *supra).*

We have considered the plaintiffs' remaining contentions and find them to be without merit *(see, Cook v City of Binghamton,* 48 NY2d 323, 329-330). Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.