■ In the Matter of Jeffrey Golanec, Appellant, et al., Petitioner, v Frank J. Culross et al., Respondents. [709 NYS2d 190] —In a proceeding pursuant to CPLR article 78 to compel the respondents to retroactively pay the petitioner Jeffrey Golanec his salary as if he were hired at Step 2 and to continue to pay him his full salary and allowances pursuant to the collective bargaining agreement, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered May 11, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly denied the petition on the ground that the petitioners failed to demonstrate how the appellant has been aggrieved by an act or failure to act on the part of the respondents. The appellant contends that based on

his previous experience as a police officer, he was entitled to be appointed at a higher salary step. However, he made no showing that the respondents hired other persons with the same or similar training and experience as police officers at higher starting salary levels. In addition, the appellant's contention that he was denied equal protection is without merit as he failed to allege sufficient facts to show that the respondents acted arbitrarily and irrationally (*see, Abberbock v County of Nassau,* 213 AD2d 691). O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.