OPINION OF THE COURT
Thomas J. Spargo, J.
*575 Petitioners seek to annul the respondent’s determination prospectively denying performance advances and merit awards to all managerial and/or confidential employees of New York State during fiscal year 2003-2004.
Petitioners are New York State employees (except petitioner Wilson who is now retired) whose positions are designated either managerial or confidential (M/C). M/C employees total approximately 12,900 of the State’s executive branch work force of approximately 190,800 full-time employees. Employees designated as M/C perform jobs ranging from entry-level clerical positions to agency commissioner. M/C employees are statutorily prohibited from unionizing and collectively bargaining.
Salary grades for M/C employees are set forth in Civil Service Law § 130 (1) (d) which also establishes a hiring rate and a job rate for each salary grade. In general, M/C state employees, such as petitioners, progress over time from the hiring rate to the job rate through performance advances.
Performance advances for M/C employees are the functional equivalent of “increments” by which unionized state employees progress from their own hiring rate to the job rate within their particular salary schedule.
Each of the petitioners are presently paid salaries below the job rate and would, except for respondent’s determination, be eligible for performance advances during fiscal year 2003-2004 (Civil Service Law § 131 [6] [c]).
Merit award payments provide additional compensation to M/C employees who have not yet achieved the job rate for their position and are based upon outstanding job performance (Civil Service Law § 130 [8] [b]).
Respondent issued a Budget Bulletin on March 21, 2003 which advised all state agencies that “[i]n light of the State’s current fiscal situation and the need to reduce State spending wherever possible, 2003-2004 performance advances, cash and noncash merit awards and new longevity payments will not be made to any Managerial or Confidential (M/C) employees and other non-unionized employees.”
The “increments” in pay within a salary grade received by the State’s unionized employees have not been denied or withheld in the 2003-2004 fiscal year.
Petitioners contend that respondent’s wholesale abolition of performance advances and merit awards for all M/C employees exceeded her authority, was arbitrary and capricious, violates *576 the separation of powers doctrine of the State Constitution and is the product of an unconstitutional delegation of legislative authority to the Executive Department.|
Respondent asserts that the Legislature has provided her discretion to withhold award performance advances or merit awards, in whole or in part, from any employee when necessary “to reduce state expenditures to acceptable levels” (L 2000, ch 68, part B § 17 [a]; see Matter of Jones v Stone, Sup Ct, Albany County, Apr. 3, 2003, Lamont, J., Index No. 5360-02).
Respondent claims that the state will experience a budget shortfall in “the range of $5 billion to $6 billion in the next fiscal year” due to “the devastation caused by the terrorist attacks on the World Trade Center and the decline of the State and national economy.” By denying performance advances and merit awards to all 12,900 M/C state ¡employees, respondent estimates that the State will reap savings of $12 million.
Respondent’s reliance on section 17 (a) of part B of chapter 68 of the Laws of 2000 is misplaced. That section addresses across-the-board increases in compensation for the various salary grades established in chapter 68 anc[ “advancement to a position in a higher salary grade,” among other things. It does not address performance advances and merit awards wholly within a salary grade.
Matter of Jones v Stone (supra) is similarly inapplicable since it did not involve performance advances ¡or merit awards. Matter of Jones v Stone involved an across-the-board 3.5% salary grade increase which the Director of the Budget withheld from M/C employees earning more than $75,000 per year. The budget director’s determination in that case was supported by the provision in section 17 (a) of part B of chapter 68 of the Laws of 2000 (referred to above) which permitted her to withhold, in whole or in part, an increase in compensation from any employee when necessary “to reduce state expenditures to acceptable levels.”
The cases which compelled the court in Matter of Jones v Stone to uphold the Budget Director’s determination denying the 3.5% salary grade increase, Shattenkirk v Finnerty (97 AD2d 51 [1983], affd 62 NY2d 949 [1984]) and Altruda v Forsythe (184 AD2d 881 [1992], lv denied 80 NY2d 759 [1992]), both involve consideration of across-the-board “pay” or “salary” increases for specified salary grades aind were decided upon legislative language nearly identical to that contained in section 17 (a) of part B of chapter 68 of the Laws of 2000.
*577 The holdings in Shattenkirk and Altruda are thus not controlling with respect to the issues considered in this proceeding.
Performance advances, within a particular salary grade, are provided for in Civil Service Law § 131 (6) (c):
“An employee holding a position allocated to one of the salary grades prescribed in paragraph d of subdivision one of section one hundred thirty of this chapter whose basic annual salary is less than the job rate of such salary grade may receive periodic performance advancement payments based on periodic evaluations of work performance in accordance with rules and regulations promulgated by the director of the budget; provided, however, that in no event may such a payment result in a basic annual salary in excess of the job rate of such grade. Such payments shall be part of the employee’s basic annual salary.”
Likewise, Civil Service Law § 130 (8) (b) provides for merit awards, within a salary grade, at relevant part, as follows: “Officers and employees to whom the provisions of this subdivision apply may receive lump sum merit awards in accordance with guidelines issued by the director of the budget within the appropriations made available therefor.”
These provisions require that consideration of performance advances and merit awards be correlated to employee’s individual performances in accordance with “rules and regulations” and “guidelines” promulgated by respondent.
Respondent’s action in simply terminating these longstanding programs is apparently unprecedented. The court finds that the Legislature has not authorized the Director of the Budget to abolish, by administrative fiat, the performance advance and merit pay programs in their entirety. Rather, the Legislature directed respondent to exercise her discretion in approving or withholding individual advances or awards.
Respondent’s determination contained in Budget Bulletin D-1108 is annulled as arbitrary and capricious and in excess of the Legislature’s delegation of authority to implement the provisions of the Civil Service Law. Respondent is directed to implement the provisions of Civil Service Law § 130 (8) (b) and § 131 (6) (c) in accordance with this decision, retroactive to April 1, 2003.
In view of the foregoing, the court does not reach the constitutional claims.