■ In the Matter of SHAWN M. GILLIGAN et al., Respondents, v CAROLE E. STONE, as Director of the Budget, Appellant. [799 NYS2d 600]—

Kane, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered December 29, 2003 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondent to implement the provisions of Civil Service Law § 130 (8) (b) and § 131 (6) (c) with respect to performance advancement payments and merit awards for managerial and confidential employees.

In 2000, petitioners were nonunion New York State employees holding positions classified as managerial or confidential (hereinafter M/C). Salary grades for M/C employees are set forth in Civil Service Law § 130 (1) (d), which establishes a hiring rate and a job rate for M/C positions, the latter being the maximum salary for that position. Generally, M/C employees advance from the hiring rate to the job rate through a series of performance advances. They may also be eligible for lump sum merit awards.* As relevant herein, in 2000, legislation was enacted covering the years 1999-2003 which, inter alia, provided for salary increases and amended previously existing provisions governing lump sum merit awards for M/C positions (see L 2000, ch 68, § 1, part B [hereinafter referred to as the M/C Paybill]). Petitioners herein were all below the job rate during the applicable time period, and thus eligible for such salary increases and awards.

On March 21, 2003, respondent issued Budget Bulletin D-1108, which provided, in relevant part, that "[i]n light of the State's current fiscal situation and the need to reduce State

* Specifically, Civil Service Law § 131 (6) (c) provides that any employee whose annual salary is below the job rate "may receive periodic performance advancement payments based on periodic evaluations of work performance in accordance with [the] rules and regulations promulgated by the director of the budget . . . [and] [s]uch payments shall be part of the employee's basic annual salary."

With respect to lump sum merit payments, Civil Service Law § 130 (8) (b) provides that "[o]fficers and employees to whom the provisions of this subdivision apply may receive lump sum merit awards in accordance with guidelines issued by the director of the budget within the appropriations made available therefor."

spending wherever possible, 2003-2004 performance advances [and] cash and non-cash merit awards . . . will *not* be made to any Managerial or Confidential (M/C) employees and other non-unionized employees." As a result, petitioners commenced this CPLR article 78 proceeding seeking to have bulletin D-1108 declared null and void. Supreme Court granted their petition, directing respondent to implement the provisions of Civil Service Law § 130 (8) (b) and § 131 (6) (c) by permitting performance advances and merit awards, retroactive to April 1, 2003. Respondent appeals.

Respondent argues that Supreme Court erred in holding that she exceeded her authority by canceling all performance advancement payments and lump sum merit awards because the M/C Paybill authorized respondent to withhold any and all pay increases. Specifically, respondent cites to section 17 (a) of the M/C Paybill, which provides in relevant part: "Notwithstanding the provisions of any other section of this act, any increase in compensation provided therein . . . may be withheld in whole or in part from any officer or employee when, in the opinion of the director of the budget, such withholding is necessary to reflect the job performance of such officer or employee, or to maintain appropriate salary relationships among officers or employees of the state, or to reduce state expenditures to acceptable levels or when, in the opinion of the director of the budget, such increase is not warranted or is not appropriate and the salary of such officer or employee is set at the discretion of the appointing authority" (L 2000, ch 68, § 1, part B, § 17 [a]). This section permits respondent to withhold "any increase in compensation provided" in the M/C Paybill (L 2000, ch 68, § 1, part B, § 17 [a]). Compensation is defined as "[r]emuneration and other benefits received in return for services rendered," with the list of examples including salary, wages, medical benefits and bonuses (Black's Law Dictionary 277 [7th ed 1999]). As the M/C Paybill specifically addresses lump sum merit awards (*see* L 2000, ch 68, § 1, part B, §§ 8, 9), which are akin to bonuses in the private sector, those awards are "increase[s] in compensation provided therein" (L 2000, ch 68, § 1, part B, § 17 [a]). Thus, the Legislature granted respondent the authority to withhold lump sum merit awards from any employees when, in respondent's opinion, such withholding was necessary "to reduce state expenditures to acceptable levels" (L 2000, ch 68, § 1, part B, § 17 [a]). Respondent's issuance of bulletin D-1108 was a permissible exercise of her authority regarding merit awards.

We hold otherwise regarding respondent's withholding of per-

formance advancement payments. Performance advances, which raise an employee's annual salary, are increases in compensation. Yet they are not "provided" by the M/C Paybill (*see* L 2000, ch 68, § 1, part B, § 17 [a]), but instead are independently provided by Civil Service Law § 131 (6). Under that statute, respondent has the authority to promulgate rules and regulations to withhold employee performance advances for various reasons, such as individual job performance (*see* Civil Service Law § 131 [6] [c]; *see also* 9 NYCRR 147.2 [d]; 147.4 [a]), and even to determine or limit the amount of such payments (*see* Executive Law § 180; 9 NYCRR 147.3 [f]; 147.4 [c]; 147.10), but at no point is it indicated in that statute or the M/C Paybill that these payments could be abolished for any reason, including the state's fiscal condition (*but cf.* 9 NYCRR 147.10 [permitting respondent to waive rules and regulations pertaining to performance advances and merit awards]). Accordingly, inasmuch as "[a]dministrative agencies can only promulgate rules to further the implementation of the law as it exists[,] [as] they have no authority to create a rule out of harmony with the statute" (*Matter of Jones v Berman*, 37 NY2d 42, 53 [1975]), we conclude that respondent exceeded her authority by withholding all performance advancement payments.

This Court has previously addressed and rejected petitioners' constitutional arguments under similar circumstances (*see Matter of Altruda v Forsythe*, 184 AD2d 881, 882-883 [1992], *lv denied* 80 NY2d 759 [1992]; *Matter of Shattenkirk v Finnerty*, 97 AD2d 51, 54-59 [1983], *affd* 62 NY2d 949 [1984]), and we adhere to those holdings.

Cardona, P.J., Crew III and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondent to implement the provisions of Civil Service Law § 130 (8) (b) regarding lump sum merit awards, and, as so modified, affirmed. [*See* 3 Misc 3d 574 (2003).]