Wells Fargo Bank, N.A. v Martinez (2020 NY Slip Op 01693)





Wells Fargo Bank, N.A. v Martinez


2020 NY Slip Op 01693


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


381643/09 10964A 10964

[*1] Wells Fargo Bank, N.A., etc., Plaintiff-Respondent,
v
Manuel A. Martinez, et al., Defendants-Appellants, Alliance Mortgage Banking Corp., et al., Defendants.


Gail M. Blasie, PC , Garden City (Gail M. Blasie of counsel), for appellants.
Knuckles Komosinski & Manfro, LLP, Elmsford (Gregg L. Verrilli of counsel), for respondent.



Appeal from judgment of foreclosure and sale, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered January 6, 2016, to the extent appealed from, against defendant Manuel Martinez, unanimously dismissed, without costs. Order, same court and Justice, entered on or about May 23, 2018, which denied defendant's motion to vacate the default judgment and dismiss the action, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the motion granted, the judgment vacated, and the complaint dismissed.
The motion court should have granted the motion to vacate the judgment and upon vacatur, should have dismissed the action as abandoned. CPLR 3215(c) states that "if [a] plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned...upon its own initiative or on motion." The language of CPLR 3215(c) is not discretionary, and a claim for which a default judgment is not sought within the requisite one-year period will be deemed abandoned (see HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867 [2d Dept 2019]). Notwithstanding, a claim will not be deemed abandoned if the party seeking a default judgment provides sufficient cause as to why the complaint should not be dismissed (CPLR 3215[c]). Here, plaintiff waited almost three years to seek a default judgment, and it failed to provide sufficient cause as to why the complaint should not be dismissed. As such, plaintiff's complaint is dismissed as abandoned.
Plaintiff's argument that defendant waived his right to seek dismissal pursuant to 3215(c) because he participated in the settlement conferences is equally unavailing. Although a party may waive it rights under CPLR 3215(c) "by serving an answer or taking any other steps which may be viewed as a formal or informal appearance" (Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910 [2d Dept 2019][internal quotation marks omitted]), defendant's participation in settlement conferences did not constitute either a formal or an informal appearance "since [he] did not actively litigate the action before the Supreme Court or participate in the action on the merits" (Slone, 174 AD3d at 867).
The appeal from the judgment is dismissed, as no appeal lies from a judgment entered on default (CPLR 5511; Bace v Tai May Realty, Inc., 144 AD3d 443, 444 [1st Dept 2016]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK