Rosenberg v Hanasab (2023 NY Slip Op 02136)

Rosenberg v Hanasab

2023 NY Slip Op 02136

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-04979
 (Index No. 512100/16)

[*1]Liza Rosenberg, appellant,
v
Samiel Hanasab, et al., respondents.

Aron S. Wolf (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated May 29, 2020. The judgment, upon a jury verdict, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she slipped and fell on ice on steps at the defendants' premises. After trial, the jury returned a verdict finding that the defendants were not negligent. A judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Killon v Parrotta, 28 NY3d 101, 107; Hall v Bouklis, 206 AD3d 800, 801; Nicastro v Park, 113 AD2d 129, 134). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference" (Aronov v Kanarek, 166 AD3d 574, 575 [internal quotation marks omitted]).
Applying these principles here, the jury's verdict that the defendants were not negligent was supported by a fair interpretation of the trial evidence, and, thus, the verdict was not contrary to the weight of the evidence.
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court