Wells Fargo Bank, N.A. v Gwebu (2024 NY Slip Op 02160)

Wells Fargo Bank, N.A. v Gwebu

2024 NY Slip Op 02160

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 810005/13 Appeal No. 2097 Case No. 2023-04585 

[*1]Wells Fargo Bank, N.A., Plaintiff-Respondent,
v
Prudence Anabelle Serena Gwebu, Also Known as Prudence Anabelle Sorena Gwebu et al., Defendants, D1475D3DA002 LLC etc., Nonparty Appellant.

Rosenberg Fortuna & Laitman, LLP, Garden City (Anthony R. Filosa of counsel), for appellant.
Houser LLP, New York (Jordan W. Schur of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about August 31, 2023, which denied nonparty D1475D3DA002 LLC's (appellant) motion to vacate the amended judgment of foreclosure and sale and dismiss the action as against defendant Prudence Anabelle Serena Gwebu a/k/a Prudence Anabella Sorena Gwebu (defendant borrower), and granted plaintiff's motion to extend its time to conduct a foreclosure sale, unanimously reversed, on the law, with costs, appellant's motion granted and plaintiff's motion denied. The Clerk is directed to enter judgment dismissing the complaint against Prudence Anabelle Serena Gwebu a/k/a Prudence Anabella Sorena Gwebu.
The motion court should have granted appellant's motion to vacate the judgment and dismiss the action against defendant borrower as abandoned under CPLR 3215(c) (see Wells Fargo Bank, N.A. v Martinez, 181 AD3d 470 [1st Dept 2020]). Plaintiff did not initiate proceedings for entry of a judgment within one year of defendant borrower's default, but waited almost four years to seek a default judgment, and it fails to provide sufficient cause for the delay (see id.).
In light of the dismissal of the action, plaintiff's motion for an extension of time to conduct a foreclosure sale should be denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024