**Bank of India, N.Y. Branch v Anaya Gems, Inc.**

2025 NY Slip Op 30054(U)

January 6, 2025

Supreme Court, New York County

Docket Number: Index No. 655240/2018

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

BANK OF INDIA, NEW YORK BRANCH, and
ALLAHABAD BANK, HONG KONG BRANCH,

|  |  |  |
|---|---|---|
| **INDEX NO.** | | 655240/2018 |
| **MOTION DATE** | | -- |
| **MOTION SEQ. NO.** | | 014 |

Plaintiffs,

- v -

ANAYA GEMS, INC., ANSHUL GANDHI, DINIKA A.
GANDHI, RAJUL A. GANDHI, STARLIGHT DESIGNS,
SDC D/B/A SUPER DIAMOND, DNM, MICHAEL
PASQUAL, MICHAEL SCHEINMAN, MANJUSAKA
JEWELERS CO. LIMITED, MARS VENTURE LTD., SINO
STERLING, DIAGEM, JEWEL ROUGH N.A., and DIVINE
ENTERPRISES LTD.,

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 014) 307, 308, 309, 310, 311, 312, 313, 314, 315

were read on this motion to/for            JUDGMENT - DEFAULT                     .

In motion sequence number 014, plaintiffs Bank of India, New York Branch and

Allahabad Bank, Hong Kong Branch move pursuant to CPLR 320 (a), 3215 (c), and

2005 for a default judgment against defendants DNM Jewelry Inc. (DNM), Mars Venture

Limited (Mars Venture), Sino Sterling (Sterling), and Ajay Gandhi (collectively,

defaulting defendants), as all have failed to appear this action, or in the alternative, to

re-serve these defendants.

**Procedural History**

On September 20, 2024, plaintiffs filed this motion for a default judgment based

on the defaulting defendants' failure to answer the December 21, 2022 verified

amended complaint.  This motion was returnable in the e-Submission Part (Room 130)

on November 12, 2024.  (NYSCEF Doc. No. [NYSCEF] 307, Notice of Motion [mot. seq.

**655240/2018   BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**          **Page 1 of 11**
**Motion No.  014**

[* 1]

no. 014].) However, while this motion was pending submission, significant developments occurred as detailed below.

On October 8, 2024, the court issued a decision and order granting defendants Michael Pasqual, Michael Scheinman, Starlight Designs, LLC, Super Diamond Jewelry, LLC, Diagem, Inc., Anshul Gandhi, and Manjusaka Jewelers Co. Limited's motions to dismiss, in part. (*See* NYSCEF 319, Decision and Order [mot. seq. nos. 008, 009, 011, 012].) Relevant here, the court dismissed the civil RICO and aiding and abetting fraud[1] claims without prejudice and the conspiracy and conversion claims with prejudice. (*Id.* at 30-31.) The court granted plaintiffs leave to file a second amended complaint to replead the claims for civil RICO and aiding and abetting fraud consistent with CPLR 3016 (b). (*Id.* at 31.)

On October 28, 2024, the court issued a sua sponte order regarding defendants Ajay Gandhi, Rajul A. Gahndi, DNM, Mars Venture LTD, Sino Sterling, Jewel Rough N.A., and Divine Enterprises LTD. (NYSCEF 326, Sua Sponte Order.) In the sua sponte order, the court dismissed the amended complaint against Ajay Gandhi on the ground that plaintiffs failed to timely move for a default. (*Id.* at 1.) The court also directed plaintiffs to file proof of service of the amended supplemental summons and verified amended complaint on Rajul A. Gahndi, DNM, Mars Venture LTD, Sino Sterling, Jewel Routh N.A., and Divine Enterprises LTD. (*Id.* at 1-2.) On November 3, 2024, plaintiffs' counsel wrote the court requesting that, in light of the court's sua sponte order and this default motion not yet before the court, the court consider the following options:

---

[1] The aiding and abetting fraud claim was dismissed only as to certain defendants for failure to sufficiently plead knowledge as to those defendants. (*See* NYSCEF 319, Decision and Order at 24-25 [mot. seq. nos. 008, 009, 011, 012].)

**655240/2018   BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**     **Page 2 of 11**
  **Motion No.  014**

2 of 11

adjourn or withdraw its sua sponte order, plaintiffs move for reconsideration of the sua sponte order, or the court grant the alternative relief sought in this motion. (NYSCEF 328, Letter to Court at 1-2.) Plaintiffs informed the court of their plan to file a second amended complaint that would "require a new timeline of service and response deadlines, including for all the Defaulting Defendants at issue." (*Id.* at 2.) On November 6, 2024, plaintiffs filed a second amended verified complaint asserting claims for (1) breach of guaranty, fraud, and civil RICO against Ajay Gandhi, (2) aiding and abetting fraud against DNM, (3) civil RICO and aiding and abetting fraud against Mars Venture, and (4) civil RICO and aiding and abetting fraud against Sterling. (NYSCEF 330, Second Amended Complaint.) There is no documentary proof that plaintiffs served the defaulting defendants with the second amended verified complaint; it is not clear to the court if plaintiffs are in the process of doing so.

**Discussion**

As a preliminary matter, plaintiffs admit that this default motion is untimely as it was filed more than one year after the default. (CPLR 3215 [c] ["If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed"].)

"The language of CPLR 3215 (c) is not discretionary, and a claim for which a default judgment is not sought within the requisite one-year period will be deemed abandoned …. Notwithstanding, a claim will not be deemed abandoned if the party seeking a default judgment provides sufficient cause as to why the complaint should not

**655240/2018 BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**
**Motion No. 014**

**Page 3 of 11**

3 of 11

[* 3]

be dismissed." (*Wells Fargo Bank, N.A. v Martinez*, 181 AD3d 470, 471 [1st Dept 2020] [citation omitted].) "Sufficient cause requires a showing of an excuse for a plaintiff's delay in seeking default and a meritorious claim." (*Citimortgage, Inc. v Sahai*, 172 AD3d 552, 552 [1st Dept 2019] [citation omitted].)

Here, plaintiffs admit that law firm failure caused the delay. Plaintiffs "wanted to give sufficient time for the Defaulting Defendants to answer to the Amended Complaint and inadvertently missed the one year deadline to file default judgment." (NYSCEF 308, MOL at 12/18.) Plaintiffs further explain that the one-year deadline "was inadvertently missed while [plaintiffs] were opposing multiple motions to dismiss, moving for default judgment separately against the corporate defendant Anaya Gems … and awaiting receipt of proof service of Ajay Gandhi" (*id.*) which was received on February 12, 2024. (NYSCEF 309, Burton aff ¶ 17.)

The court finds that plaintiffs have demonstrated an excuse for their delay of several months in seeking default judgment. (*See Gause v 2405 Marion Corp.*, 154 AD3d 453, 453 [1st Dept 2017] ["Supreme Court did not abuse its discretion in finding that plaintiff had made a sufficient showing of law office failure to excuse its failure to move for a default judgment within one year" (citation omitted)]; *Riccardi v Otero*, 33 AD3d 571, 572 [1st Dept 2006] ["failure to make the appropriate diary entry … constitutes law office failure, and excuses the failure to move for a default judgment within one year" (citation omitted); *Bazac v Odelia Enters. Corp.*, 272 AD2d 226, 226 [1st Dept 2000] [failure to timely move for default judgment due to law office failure is excusable where inter alia where wo defendants were "the only defendants who failed to timely answer in an action that was one of several related actions involving the same

**655240/2018   BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**
**Motion No.  014**

**Page 4 of 11**

fire, many of the same parties, and a motion to consolidate in which [defendants] actively participated"].)  Finally, the record is devoid of any indication that late filing of the default motion causes the defaulting defendants any prejudice.  (*Bazac*, 272 AD2d at 226 [considering lack of prejudice in determining that delay was excusable].)

In addition, given that plaintiffs move for default judgment against Ajay Gandhi and the court finds sufficient excuse for their delay, the order of October 28, 2024, is vacated, in part, to the extent the court dismissed Ajay Gandhi.

"On a motion for a default judgment under CPLR 3215 based upon a failure to answer the complaint, a plaintiff demonstrates entitlement to a default judgment against a defendant by submitting: (1) proof of service of the summons and complaint; (2) proof of the facts constituting its claim; and (3) proof of the defendant's default in answering or appearing." (*Medina v Sheng Hui Realty LLC*, 2018 NY Misc LEXIS 1789, *6-7, 2018 WL 2136441, *6-7 [Sup Ct, NY County 2018] [citations omitted].)  "Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action…. The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts." (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994] [citation omitted].)

CPLR 3215 (f) requires a plaintiff to submit "proof of the facts constituting the claim, the default and the amount due … by affidavit made by the party." (CPLR 3215 [f].)  "Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party's attorney." (CPLR 3215 [f].)

**655240/2018  BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**                         **Page 5 of 11**
   **Motion No.  014**

5 of 11

In the verified amended complaint, plaintiffs assert claims against (1) Ajay Gandhi for breach of a guaranty, fraud, conspiracy, and civil RICO, (2) DNM for aiding and abetting fraud, (3) Mars Venture for civil RICO, conspiracy, and aiding and abetting fraud, and (4) Sterling for civil RICO, conspiracy, and aiding and abetting fraud. (NYSCEF 313, Amended Complaint [AC] at 54-56.) As detailed above, the court dismissed the claim for conspiracy in the amended complaint with prejudice. Thus, plaintiffs cannot sufficiently establish proof of that claim on this motion based on the allegations contained in the amended complaint. The court also dismissed the civil RICO claim as insufficiently plead, and thus, plaintiffs also cannot sufficiently establish proof of that claim on this motion based on the allegations contained in the amended complaint.

There are also service issues regarding defendants Ajay Gandhi, Mars Venture and Sterling. First, plaintiffs failed to file an affidavit of nonmilitary service for Ajay Gandhi. (*See* 50 USC § 3931; *Unitrin Advantage Ins. Co. v 21st Century Pharm.*, 158 AD3d 450, 451 [1st Dept 2018] ["Plaintiff established its entitlement to a default judgment against the defaulting defendants … except for defendant Anio Pierriseme, for whom no affidavit of nonmilitary service appears in the record" (citations omitted)].) Second, plaintiffs' proofs of service as to defendants Mars Venture and Sterling are insufficient. Plaintiffs fail to submit an affidavit from a process server in compliance with CPLR 306.[2] Plaintiffs likewise fail to demonstrate that the proffered proof of service is in

---

[2] CPLR 306 states: "(a) Generally. Proof of service shall specify the papers served, the person who was served and the date, time, address, or, in the event there is no address, place and manner of service, and set forth facts showing that the service was made by an authorized person and in an authorized manner. (b) Personal service. Whenever service is made pursuant to this article by delivery of the summons to an

[* 6]

compliance with any applicable Hong Kong authority.  Finally, no proof is submitted, in the form of affidavit or otherwise, that the law firm hired by plaintiffs to serve these defendants in Hong Kong qualifies as "competent persons of the State of destination." (20 UST 361 Art. 10 [c]; s*ee Zhang v Kon Ki Lo*, 2020 US Dist LEXIS 79308, *24-25, 2020 WL 2133163, *9 [SD NY, May 5, 2020, No. 14 Civ 6945 (CM)] ["there is no warrant for concluding that personal delivery by anyone other than an agent authorized by Hong Kong would be effective. To the contrary: anyone who serves process personally in Hong Kong must be 'a competent person[] of *the State of destination*' - meaning an authorized Hong Kong process server (emphasis added) (20 U.S.T. 361 Art. 10.)"]; *see also* CPLR 313.)

Thus, in light of these issues, the court denies the motion for a default judgment as to defendants Ajay Gandhi, Mars Venture, and Sterling.  However, the court grants, *nunc pro tunc*, an extension of 120 days from November 26, 2024 to serve the second amended complaint on defendants Ajay Gandhi, Mars Venture, and Sterling in accordance with the applicable law.

---

individual, proof of service shall also include, in addition to any other requirement, a description of the person to whom it was so delivered, including, but not limited to, the process server's perception of the person's: gender, race, hair color, approximate age, approximate weight and height, and other identifying features. (c) Other service. Where service is made pursuant to subdivision four of section three hundred eight of this chapter, proof of service shall also specify the dates, addresses and the times of attempted service pursuant to subdivisions one, two or three of such section. (d) Form. Proof of service shall be in the form of a certificate if the service is made by a sheriff or other authorized public officer, in the form of an affidavit if made by any other person, or in the form of a signed acknowledgement of receipt of a summons and complaint, or summons and notice or notice of petition as provided for in section 312-a of this article. (e) Admission of service. A writing admitting service by the person to be served is adequate proof of service."  (CPLR 306.)

As to defendant DNM, it was served with the amended and supplemental summons and verified amended complaint on January 6, 2023 via personal delivery to the Office of Secretary of the State. (NYSCEF 221, aff of service at 1; *see* CPLR 311 [a][1]; Business Corporation Law § 306 [b][1].) Plaintiffs also complied with the additional service requirements of CPLR 3215 (g)(4)(i). (NYSCEF 315, aff of additional service ¶ 5.) Plaintiffs thus met their burden of submitting proof of service on DNM.

The sole claim against DNM is for aiding and abetting fraud. CPLR 3215 (f) requires a plaintiff to submit "proof of the facts constituting the claim, the default and the amount due … by affidavit made by the party." However, "[w]here a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party's attorney." (CPLR 3215 [f].) Here, plaintiffs submit both the amended complaint verified by Chander Mohan Kumra, Chief Executive of Bank of India (NYSCEF 313) and the affidavit of Nirmesh Jee, Vice President and Head of Credit for Bank of India. (NYSCEF 312, Jee aff ¶ 1.)

Plaintiffs allege that DMN is a shell company controlled by defendant Anshul Gandhi and his family. (NYSCEF 313, AC ¶ 127.) It was created by Anshul Gandhi "to essentially carry on Anaya Gems' business using the same jewelry inventory, goodwill and customers under a different name to avoid the Banks' loans and Anaya Gems' other creditors." (NYSCEF 312, Jee aff ¶ 12.) "Anshul [Gandhi] used DNM as the means by which the principals who control [defendants] Starlight Design, Super Diamond and SDC transferred the payments to him outside of Anaya's bank accounts to pay Anshul for transfers of Anaya inventory, product line, customer relationships, as

**655240/2018  BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**                    **Page 8 of 11**
  **Motion No.  014**

8 of 11

[* 8]

well as standing orders for customers." (NYSCEF 313, AC ¶ 177.) DMN received payment of $5,575,000 which was compensation for transferring some of Anaya's assets and business to other defendants. (*See id.* ¶¶ 178-179.) "DNM, for its part, would then turn around and wire those funds to Netaya, Sino or Mars. A small portion of those funds was wired back to Anaya." (*Id.* ¶ 181.) Jee's affidavit and the verified amended complaint and its accompanying exhibits are sufficient proof of facts constituting plaintiffs' claim against DNM for aiding and abetting fraud.

To plead aiding and abetting fraud, a plaintiff "must allege: '(1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud.'" (*Stanfield Offshore Leveraged Assets, Ltd. v Metro. Life Ins. Co.*, 64 AD3d 472, 476 [1st Dept 2009] [citation omitted], *lv denied* 13 NY3d 709 [2009].) Although an aiding and abetting fraud claim is subject to the heightened pleading standard of CPLR 3016 (b) (*see Oster v Kirschner*, 77 AD3d 51, 52 [1st Dept 2010]),

> "actual knowledge need only be pleaded generally, cognizant, particularly at the prediscovery stage, that a plaintiff lacks access to the very discovery materials which would illuminate a defendant's state of mind. Participants in a fraud do not affirmatively declare to the world that they are engaged in the perpetration of a fraud…. an intent to commit fraud is to be divined from surrounding circumstances." (*Id.* at 55-56 [citation omitted]; *see also Stanfield Offshore Leveraged Assets, Ltd.*, 64 AD3d at 476 ["[a]ctual knowledge of the fraud may be averred generally" (internal quotation marks and citation omitted)].)

"Substantial assistance exists where (1) a defendant affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed, and (2) the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated." (*Stanfield Offshore Leveraged Assets, Ltd.*, 64 AD3d

**655240/2018   BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**
**Motion No.  014**

**Page 9 of 11**

9 of 11

[* 9]

at 476 [internal quotation marks and citation omitted].)

The underlying fraud is by Anshul Gandhi and Ajay Gandhi who allegedly "orchestrated a fraudulent scheme to transfer Anaya merchandise, the entire product sample line, vendor relationships, customers and other proprietary information out of Anaya for the financial benefit of themselves and their family to avoid the obligations owed to the Banks" (NYSCEF 313, AC ¶ 244) while misrepresenting to plaintiff Anaya's financial health "through fake invoices, inaccurate inventory reports, and false borrowing statements to the Banks."  (*Id.* ¶ 245.)

Plaintiffs' proof is sufficient to establish the underlying fraud by the Gandhis, DMN's knowledge of the fraud ("DNM created false records and fake invoices for diamonds it never possessed and that did not actually exist to mask the payments," acting "as the conduit through which Anaya and Anshul transferred the Collateral to Anshul and his family-controlled entities" [*Id.* ¶ 317-318]), and DNM's substantial assistance in achievement of the fraud.  (*Id.*)  Plaintiffs' alleged damages caused by DNM's aiding and abetting fraud are $5,509,000.  (*Id.* ¶ 320; *id.* at 60.)

Finally, plaintiffs have submitted sufficient proof of DNM's default.  Specifically, plaintiffs' counsel avers that DNM has not answered the verified amended complaint or otherwise appeared in the litigation.  (NYSCEF 309, Burton aff ¶ 20 [Sep. 20, 2024].)

Accordingly, it is

ORDERED that the order of October 28, 2024, is vacated, in part, to the extent the court dismissed Ajay Gandhi; and it is further

**655240/2018   BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**
**Motion No.  014**

**Page 10 of 11**

ORDERED that the motion is granted, in part, as to defendant DNM Jewelry Inc. and plaintiffs shall submit a proposed judgment against DNM Jewelry Inc. in MS Word via email and e-file a copy; and it is further

ORDERED that the motion is denied as against defendants Ajay Gandhi, Mars Venture Limited, and Sino Sterling.  The court grants, *nunc pro tunc*, plaintiffs an extension of 120 days from November 26, 2024 to serve the second amended complaint on these defendants in accordance with the applicable law.

_____
**1/6/2025**
**DATE**

2025010649585853AMASLEYACAEA27675A448E2800647F45F2FE88E

_____
**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**655240/2018   BANK OF INDIA, NEW YORK BRANCH vs. ANAYA GEMS, INC.**
**Motion No.  014**

**Page 11 of 11**

11 of 11

[* 11]