| **Bangladesh Bank v Rizal Commercial Banking Corp.** |
|:---:|
| 2025 NY Slip Op 30944(U) |
| March 22, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652051/2020 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

BANGLADESH BANK,

                          Plaintiff,

          - v -

RIZAL COMMERCIAL BANKING CORPORATION, MAIA
SANTOS DEGUITO, ANGELA RUTH TORRES,
LORENZO V. TAN, RAUL VICTOR B. TAN, ISMAEL S.
REYES, BRIGITTE R. CAPINA, NESTOR O. PINEDA,
ROMUALDO S. AGARRADO, PHILREM SERVICE
CORP., SALUD BAUTISTA, MICHAEL BAUTISTA,
CENTURYTEX TRADING, WILLIAM SO GO, EASTERN
HAWAII LEISURE COMPANY, LTD., KAM SIN WONG,
WEIKANG XU, DING ZHIZE, GAO SHUHUA, and JOHN
DOES,

                          Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652051/2020 |
| MOTION DATE | -- |
| MOTION SEQ. NO. | 025 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 025) 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496

were read on this motion to/for          JUDGMENT - DEFAULT                    .

          In motion sequence number 025, plaintiff Bangladesh Bank (Bank) moves

pursuant to CPLR 3215 for a default judgment against defendants Philrem Service

Corp. (Philrem), Michael Bautista, Salud Bautista, Maia Santos Deguito, and Angela

Ruth Torres (collectively, defaulting defendants) based on their failure to answer the

complaint.

**Discussion**

          "On a motion for a default judgment under CPLR 3215 based upon a failure to
          answer the complaint, a plaintiff demonstrates entitlement to a default judgment
          against a defendant by submitting: (1) proof of service of the summons and
          complaint; (2) proof of the facts constituting its claim; and (3) proof of the
          defendant's default in answering or appearing." (*Medina v Sheng Hui Realty
          LLC*, 2018 NY Misc LEXIS 1789, *6-7, 2018 WL 2136441, *6-7 [Sup Ct, NY
          County 2018] [citations omitted].)

652051/2020   BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING
Motion No.  025

Page 1 of 6

<u>Michael Bautista, Deguito, and Philrem</u>

Michael Bautista, Deguito, and Philrem were served in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 UST 361, TIAS No. 6638 (1969) (Hague Convention) through their counsel in the Republic of the Philippines (the Philippines). (NYSCEF 362, proof of service at 10-11/14 [service on Michael Bautista on August 2, 2023]; NYSCEF 363, proof of service at 10-11/13 [service on Philrem on August 2, 2023]; NYSCEF 375, proof of service at 10-11/15 [service on Deguito on August 3, 2023].) The completed certificates of service filed by the Bank constitute "prima facie evidence that the Central Authority's service on [these] foreign defendants was made in compliance with the convention." (*Unite National Retirement Fund v Ariela, Inc.*, 643 F Supp 2d 328, 334 [SD NY 2008] [citation omitted].) As to Michael Bautista and Deguito, however, the Bank failed to file affidavits of nonmilitary service. (*See* 50 USC § 3931; *Unitrin Advantage Ins. Co. v 21st Century Pharm.*, 158 AD3d 450, 451 [1st Dept 2018] ["Plaintiff established its entitlement to a default judgment against the defaulting defendants ... except for defendant Anio Pierriseme, for whom no affidavit of nonmilitary service appears in the record" (citations omitted)].)

Further, the court notes that

"[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." (CPLR 3215 [c].)

"The language of CPLR 3215 (c) is not discretionary, and a claim for which a default judgment is not sought within the requisite one-year period will be deemed abandoned .... Notwithstanding, a claim will not be deemed abandoned if the party seeking a default judgment provides sufficient cause as to why the

complaint should not be dismissed." (*Wells Fargo Bank, N.A. v Martinez*, 181 AD3d 470, 471 [1st Dept 2020] [citation omitted].)

Michael Bautista and Philrem defaulted on September 2, 2023, by not answering the complaint within 30 days of service. (*See* CPLR 3012 [c]; CPLR 313; NYSCEF 487, Loffler[1] aff ¶ 14.) Similarly, Deguito defaulted on September 3, 2023. (*See* CPLR 3012 [c]; CPLR 313; NYSCEF 487, Loffler aff ¶ 14.) This motion was filed on October 16, 2024, more than a year following the defaults. (*See* NYSCEF 484, Notice of Motion.) Accordingly, on its face, this motion is untimely as against Michael Bautista, Deguito, and Philrem. The Bank may supplement its motion to clarify whether the late filing of this default motion against Michael Bautista, Deguito, and Philrem is excusable.

Salud Bautista and Torres

The court next determines whether the remaining defaulting defendants – Salud Bautista and Torres – were properly served. Although the Bank maintains that Salud Bautista was served in accordance with the Hague Convention, the certificate of service states that service on him was not made. (NYSCEF 364, proof of service at 10/10.)

Prior to this default motion, the Bank moved to extend its time to serve and for alternative service. This court granted the application and extended the Bank's time to serve until October 6, 2023, authorizing alternative service "through (i) [defendants'] attorneys in pending criminal actions in the Philippines if counsel agree to accept service; (ii) or by local publications in the Philippines if counsel refuses; and (iii) by e-mail, Facebook, LinkedIn, Twitter, and/or other similar social media communication platform if known." (NYSCEF 351, July 18, 2023 Order at 2 [mot. seq. no. 020].)

---

[1] Jesse Ryan Loffler is the Bank's counsel. (NYSCEF 487, Loffler aff ¶ 1.)

**652051/2020 BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING** **Page 3 of 6**
Motion No. 025

The Bank's counsel avers that it attempted service through Salud Bautista and Torres's counsel in the Philippines, but none agreed to accept. (NYSCEF 487, Loffler aff ¶ 5.) The Bank submits proof of service by publication in English in two newspapers – Philippine Daily Inquirer on August 19, 26, 31, and September 8, 2023 (NYSCEF 489, Mendoza[2] aff), and Manila Bulletin on August 10, 17, 24, and 31, 2023. (NYSCEF 490, Bulaong[3] aff.)

It is mandated that "[t]he first publication of the summons shall be made within thirty days after the order [for alternative service] is granted" (CPLR 316 [c]), here, within 30 days from July 18, 2023. The thirty-day period expired on August 17, 2023. The first publication in Philippine Daily Inquirer was made two days late, on August 19, 2023. This failure to comply with the 30-day requirement of CPLR 316 (c) is a jurisdictional defect. (*See Matter of Kaila B. v Christopher M. B.*, 64 AD3d 647, 649 [2d Dept 2009] ["failure to comply with the statutory requirements regarding the manner or time of publication has been held to be a jurisdictional defect" (citation omitted)]; *Citimortgage, Inc. v Haggerty*, 2018 NY Slip Op 33358[U], *7 [Sup Ct, Suffolk County 2018] [same]; David D. Siegel & Patrick M. Connors, New York Practice § 107 [6th ed, Dec. 2024 update] ["First publication of the summons must be made within 30 days after the order for service by publication is granted. This is strict. It has been held that even a short delay will void the service" (citation omitted)].) Accordingly, the Bank failed to properly effectuate service by publication.

---

[2] Adela Garsalia Mendoza is the Sales Director – Classified Advertising with the Philippine Daily Inquirer, Inc. (NYSCEF 489 Mendoza aff.)
[3] Ruben Yñiguez Bulaong is the Senior Assistant Vice President – Advertising Department with Manila Bulletin. (NYSCEF 490, Bulaong aff.)

**652051/2020 BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING** **Page 4 of 6**
**Motion No. 025**

[* 4]

Further, the court ordered that in addition to service by publication, service shall be made "by e-mail, Facebook, LinkedIn, Twitter, and/or other similar social media communication platform if known." (NYSCEF 351, July 18, 2023 Order at 2 [mot. seq. no. 020].) The Bank, however, submits no proof of service through social media communication platforms or, alternatively, no affidavit explaining that no known platforms exist as to Salud Bautista and Torres. Absent proof of compliance with service requirements set forth in this court's July 18, 2023 order, default judgment cannot be granted as to Salud Bautista and Torres. (*See e.g. Feinstein v Bergner*, 48 NY2d 234, 241 [1979] [finding service ineffective where plaintiff failed to "comply with the specific mandates" of CPLR 308 [4].) Moreover, the Bank fails to submit affidavits of nonmilitary service for Salud Bautista and Torres. (*See* 50 USC § 3931; *Unitrin Advantage Ins. Co.*, 158 AD3d at 451.)

The court grants, *nunc pro tunc*, the Bank a 60-day extension from the date of this order to serve Salud Bautista and Torres as specified *infra*.

Accordingly, it is

ORDERED that this motion is denied without prejudice; and it is further

ORDERED that Bangladesh Bank's time is extended, *nunc pro tunc*, 60 days from the date of this order to serve Salud Bautista and Angela Ruth Torres; and it is further

ORDERED that Bangladesh Bank may serve Salud Bautista and Angela Ruth Torres (i) by publication as follows: summons shall be published together with the notice to these defendant, a brief statement of the nature of the action and the relief sought, and the sum of money for which judgment may be taken in case of default in two

652051/2020   BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING
Motion No.  025

Page 5 of 6

English language newspapers –Philippine Daily Inquirer and Manila Bulletin, once in each of four successive weeks, first publication to be made within 30 days of the date of this interim order and (ii) by e-mail, Facebook, LinkedIn, Twitter, and/or other similar social media communication platform if known.

20250322230343AMASLEY369A05020AF2451296A7FD5045420B6C

__3/22/2025__
DATE

ANDREA MASLEY, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**652051/2020   BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING**
**Motion No. 025**

Page 6 of 6

6 of 6