HSBC Bank USA, N.A. v Saris (2025 NY Slip Op 07287)

HSBC Bank USA, N.A. v Saris

2025 NY Slip Op 07287

Decided on December 24, 2025

Appellate Division, Second Department

Duffy, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-07584
 (Index No. 66026/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Emanuel F. Saris, et al., appellants.

APPEAL by the defendants, in an action to foreclose a mortgage, from an order of the Supreme Court (Joseph A. Santorelli, J.), dated August 11, 2022, and entered in Suffolk County. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(1) and (4) to vacate so much of an order of the same court dated October 23, 2015, as granted those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment against the defendants and for an order of reference, and an order and judgment of foreclosure and sale (one paper) of the same court entered August 22, 2016.

Charles Wallshein, Melville, NY, for appellants.
Reed Smith LLP, New York, NY (James N. Faller and Andrew B. Messite of counsel), for respondent.

DUFFY, J.P.

OPINION & ORDER
The issue on appeal, an issue of first impression for this Court, is whether a party's attendance at a mandatory settlement conference pursuant to CPLR 3408 constitutes an appearance by a party for the purpose of CPLR 3215(g), which provides, among other things, that a party who has appeared in an action is entitled to at least five days' notice of an application for leave to enter a default judgment. The defendants appeal from an order dated August 11, 2022 (hereinafter the August 2022 order), which, inter alia, denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(1) and (4) to vacate so much of an order dated October 23, 2015 (hereinafter the October 2015 order), as granted those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment against the defendants and for an order of reference, and an order and judgment of foreclosure and sale entered August 22, 2016. The defendants contend, among other things, that their attendance at a mandatory settlement conference in the action on March 6, 2015 (hereinafter the March 2015 conference), constituted an appearance for the purpose of the notice provisions under CPLR 3215(g) and that, since they were not given the requisite five days' notice of the plaintiff's motion, inter alia, for leave to enter a default judgment against them, reversal is warranted. For the reasons set forth below, we affirm the August 2022 order insofar as appealed from on the ground, among others, that the Supreme Court properly determined that the defendants had not appeared in the action and, thus, the five-day notice provision set forth in CPLR 3215(g) was not applicable with respect to the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants.
I. Background of the Action
In July 2014, the plaintiff commenced this action against the defendants to foreclose a mortgage encumbering certain real property located in Suffolk County (hereinafter the premises) and owned by the defendants. Subsequently, the Supreme Court held the March 2015 conference pursuant to CPLR 3408. The defendants contend, and the court noted in the October 2015 order, that [*2]they attended the March 2015 conference. However, the defendants did not file a notice of appearance, interpose an answer, or make any motion at that time. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 3215 for leave to enter a default judgment against the defendants and for an order of reference. The defendants did not oppose. In the October 2015 order, the court, among other things, granted the plaintiff's motion. Thereafter, the court issued an order and judgment of foreclosure and sale, entered August 22, 2016, inter alia, directing the sale of the premises.
In May 2017, the defendant Emanuel F. Saris moved, pro se, inter alia, to temporarily stay the foreclosure sale and auction (hereinafter the May 2017 motion). In an order dated November 15, 2017, the Supreme Court denied the May 2017 motion. The premises were then sold to the plaintiff in May 2019.
In February 2020, the defendants moved, among other things, pursuant to CPLR 5015(a)(1) and (4) to vacate so much of the October 2015 order as granted those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment against the defendants and for an order of reference, and the order and judgment of foreclosure and sale. Both defendants averred in support of their motion that they attended the March 2015 conference, and annexed a copy of the October 2015 order to their motion papers. The plaintiff opposed. In the August 2022 order, the Supreme Court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
II. The Relevant Law
A. Defaulting Defendants
"A 'defendant in default is not entitled to affirmative relief of a non-jurisdictional nature absent vacatur[ ] of his or her default'" (US Bank N.A. v Scaffidi, 238 AD3d 1092, 1093, quoting Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157).
B. CPLR 5015(a)(1)
"A party seeking to vacate an order or judgment entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (CitiMortgage, Inc. v Ramlal, 238 AD3d 976, 977). "'Although a motion to vacate an order on the ground of excusable default must be made within one year after service of a copy of the order with written notice of entry upon the moving party (see CPLR 5015[a][1]), the Supreme Court has the inherent authority to vacate an order in the interest of justice, even where the statutory one-year period under CPLR 5015(a)(1) has expired'" (HSBC Bank USA, N.A. v Gallo, 238 AD3d 1123, 1125, quoting JPMorgan Chase Bank, N.A. v Baptiste, 188 AD3d 848, 850).
C. CPLR 5015(a)(4)
"'CPLR 5015(a)(4) provides for vacatur of a judgment or order upon the ground of lack of jurisdiction to render the judgment or order'" (Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307 [internal quotation marks omitted], quoting Bank of N.Y. Mellon v Ziangos, 194 AD3d 778, 779). Any defendant who has appeared in an action is entitled to at least five days' notice of an application for leave to enter a default judgment (see CPLR 3215[g][1]).
"'[T]he failure to provide a defendant who has appeared in an action with the notice required by CPLR 3215(g)(1), like the failure to provide proper notice of other kinds of motions, is a jurisdictional defect that deprives the court of the authority to entertain a motion for leave to enter a default judgment'" (Flagstar Bank, FSB v Powers, 236 AD3d 864, 865-866, quoting Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126).
D. A Party's Appearance in an Action
"'An appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon that defendant, and, in the absence of an objection to jurisdiction by way of a motion or answer, the appearance confers personal jurisdiction over that defendant'" (Bank of N.Y. Mellon v Taylor, 230 AD3d 457, 458, quoting U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 935).
III. Discussion
A. The Defendants Were Not Entitled to Vacatur Pursuant to CPLR 5015(a)(1)
As an initial matter, the Supreme Court properly denied vacatur pursuant to CPLR 5015(a)(1) on the ground that the defendants failed to demonstrate a reasonable excuse for failing to oppose the plaintiff's motions, inter alia, for leave to enter a default judgment against them and for a judgment of foreclosure and sale. Here, the defendants' contention that Saris was incapacitated at the time of the defendants' defaults was unsupported by any medical or other evidence and, thus, [*3]did not constitute a reasonable excuse for the defendants' failure to oppose the plaintiff's motions, among other things, for leave to enter a default judgment against them and for a judgment of foreclosure and sale (see Wilmington Sav. Fund Socy., FSB v Moriarty-Gentile, 190 AD3d 890, 892). As the defendants failed to demonstrate a reasonable excuse for failing to oppose those motions, this Court need not consider whether the defendants demonstrated a potentially meritorious opposition to those motions (see CitiMortgage, Inc. v Ramlal, 238 AD3d at 978).
B. The CPLR 5015(a)(4) Branch of the Defendants' Motion Lacks Merit
"'[T]he failure to provide a defendant who has appeared in an action with the notice required by CPLR 3215(g)(1), like the failure to provide proper notice of other kinds of motions, is a jurisdictional defect that deprives the court of the authority to entertain a motion for leave to enter a default judgment'" (Flagstar Bank, FSB v Powers, 236 AD3d at 865-866, quoting Paulus v Christopher Vacirca, Inc., 128 AD3d at 126).
With respect to the defendants' contention that the August 2022 order must be reversed, and the order and judgment of foreclosure and sale vacated pursuant to CPLR 5015(a)(4), on the ground that the plaintiff's failure to serve the defendants with at least five days' notice of the plaintiff's intention to move for leave to enter a default judgment against the defendants, as required by CPLR 3215(g)(1), constitutes a jurisdictional defect, for the reasons set forth below, we find the contention to be without merit.
C. Notice Provisions of CPLR 3215(g) Inapplicable
CPLR 3215(g)(1) provides, in relevant part, as follows: "any defendant who has appeared is entitled to at least five days' notice of the time and place of the application."
Although the words "appear" and "appearance" are not defined in CPLR 3215 or any of its subdivisions, section 320 of the CPLR provides guidance: "The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (id. § 320[a]).
Here, the defendants do not dispute that they did not answer the complaint, file a notice of appearance, or make a motion prior to the entry of the October 2015 order. Nonetheless, a defendant may also make an "informal" appearance by "'participat[ing] in the case in some way relating to the merits'" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1009, quoting David D. Siegel & Patrick M. Connors, New York Practice § 112 [6th ed, Dec. 2024 update]) or by "'actively litigating the action before the court'" (Bank of N.Y. Mellon v Taylor, 230 AD3d at 458 [internal quotation marks omitted], quoting U.S. Bank N.A. v Jong Shin, 224 AD3d at 935; see Taveras v City of New York, 108 AD3d 614, 617).
Thus, the question presented is whether the defendants' appearance at the March 2015 conference constituted an appearance in the action entitling them to the notice provisions set forth in CPLR 3215(g). For the reasons that follow, we determine that it did not.
1. Statutory Interpretation
As set forth below, neither the plain language of CPLR 3215(g)(1) nor its legislative history supports the defendants' contention that attendance at a mandatory settlement conference pursuant to CPLR 3408 constitutes an appearance in an action for the purpose of the notice requirements of CPLR 3215(g)(1).
a. Plain Language
In matters of statutory interpretation, the primary consideration is to discern and give effect to the Legislature's intent (see Yatauro v Mangano, 17 NY3d 420, 426). "The starting point for discerning legislative intent is the language of the statute itself" (id.). "Inasmuch as the text of a statute is the clearest indicator of such legislative intent, where the disputed language is unambiguous, [courts] are bound to give effect to its plain meaning" (Makinen v City of New York, 30 NY3d 81, 85 [brackets and internal quotation marks omitted]). "[T]he text of a provision 'is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning'" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120, quoting Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660). "When the plain language of the statute is precise and unambiguous, it is determinative" (Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565; see Loehr v New York State Unified Ct. Sys., 150 AD3d 716, 720).
Here, although there is no language in CPLR 3215 or its subdivision (g) that defines appear or appearance or discusses the scope of the term appearance for the purpose of this subdivision, there is nothing in the section that indicates that the word should be treated differently than in other sections of the CPLR or that appear or appearance carries a different meaning than how [*4]it has been treated for the purposes of any other section of the CPLR or another subdivision of CPLR 3215.
b. Legislative History and Intent
The legislative history and intent of CPLR 3215(g) is sparse and does not support the defendants' contention that an appearance for the purpose of subdivision (g) should be interpreted differently or more broadly than appear has been interpreted to mean with respect to subdivision (c) of CPLR 3215 or other sections of the CPLR. Specifically, the legislative history is silent as to the meaning of appear or appearance or what constitutes an appearance by a party so as to trigger the five days' notice requirement under subdivision (g).
Moreover, the legislative goals for the enactment of and amendments to CPLR 3215 include "spar[ing] the courts and plaintiffs the time and expense" of duplicative hearings and to streamline the judicial process (Assembly Mem in Support, Bill Jacket, L 1992, ch 255 at 6; Letter from Senator Christopher J. Mega, June 18, 1992, Bill Jacket, L 1992, ch 255 at 7; see Letter from Assembly Member George Friedman, June 17, 1992, Bill Jacket, L 1992, ch 255 at 8; Letter from Unified Ct Sys, June 23, 1992, Bill Jacket, L 1992, ch 255 at 14; Letter from Tort Litigation Comm of the Assn of the Bar of the City of NY, July 1, 1992, Bill Jacket, L 1992, ch 255 at 18; Legislation Rep of Comm on Civ Prac Law & Rules of the NY St Bar Assn, May 19, 1992, Bill Jacket, L 1992, ch 255 at 19-20). These legislative goals would not be served by expanding the scope of what constitutes an appearance for the purpose of subdivision (g) beyond what it has already been construed to mean under the CPLR.
2. Decisional Law and Related Authority
There appears to be no prior case law from this Court, our sister courts, or the Court of Appeals defining what constitutes an appearance for the purpose of triggering the five-day notice requirement of CPLR 3215.
Nonetheless, the decisional law of this Court and its sister courts in defining the breadth of the terms appear and appearance under another subdivision of CPLR 3215, to wit, subdivision (c), can guide our determination in ascertaining the definition of appear or appearance and the scope of those terms under subdivision (g) of that section of the CPLR (see id. § 3215[c], [g]; see generally American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 10).
This Court has routinely held that, for the purpose of CPLR 3215(c), attendance at a mandatory settlement conference "does not constitute active litigation of the action or participation in the action on the merits" (Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741 [internal quotation marks omitted] [order and judgment of foreclosure and sale affirmed on the ground, among others, that, although the defendants purported to have attended "'multiple'" court conferences, the nature of the conferences was not specified and it appeared that some of the conferences were mandatory settlement conferences, which did not constitute active litigation of the action or participation in the action on the merits]; see Citmortgage, Inc. v Barton, 212 AD3d 706, 708 [order, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant and denying the defendant's cross-motion to dismiss affirmed insofar as appealed from; although the defendant appeared at seven settlement conferences, "attendance at mandatory settlement conferences does not constitute active litigation of the action or participation in the action on the merits" (internal quotation marks omitted)]; U.S. Bank N.A. v Smith, 210 AD3d 725, 726 [order denying the defendants' motion to vacate a judgment of foreclosure and sale affirmed; record was unclear as to whether the settlement conferences attended by the defendants were mandatory "such that the defendants' participation would not constitute active litigation of the action or participation in the action on the merits" (internal quotation marks omitted)]).
Likewise, in 2020, the Appellate Division, First Department, in Wells Fargo Bank, N.A. v Martinez (181 AD3d 470) determined that, under CPLR 3215(c), although serving an answer or taking any other steps may be viewed as a formal or informal appearance, a "defendant's participation in settlement conferences did not constitute either a formal or an informal appearance" (Wells Fargo Bank, N.A. v Martinez, 181 AD3d at 471).
Contrary to the defendants' contention, the Appellate Division, First Department's, 2017 decision in Nationstar Mtge., LLC v Martin (156 AD3d 533, 533), does not warrant a different conclusion as to what constitutes an appearance under CPLR 3215(g). In Martin, the defendant at issue appeared by counsel at multiple settlement conferences in the action and there were settlement conference orders issued by the motion court in connection therewith (see Nationstar Mtge., LLC v Martin, 156 AD3d at 534). There is no indication in that case that such settlement conferences [*5]were those mandated under CPLR 3408. Moreover, as noted herein, in 2020, in Wells Fargo Bank, N.A. v Martinez (181 AD3d at 471), the First Department expressly determined that the defendant's attendance at a mandatory settlement conference in that action did not constitute an appearance for the purpose of CPLR 3215(c).
The Appellate Division, Third Department, has also held that "participation in several mandatory foreclosure settlement conferences did not constitute a formal or informal appearance here, since defendant did not actively litigate the action before the Supreme Court or participate in the action on the merits" (Bank of N.Y. v Richards, 192 AD3d 1228, 1231 [internal quotation marks omitted]).
Accordingly, this Court's own case law interpreting the meaning and scope of the word appear under subdivision (c) of CPLR 3215, together with similar determinations by our sister courts, informs our view that the word appear for the purpose of triggering the notice requirement under subdivision (g) of CPLR 3215 should be defined by the scope of the word as determined by decisional law relating to subdivision (c) of CPLR 3215.
Concomitantly, our determination that attendance at a mandatory settlement conference pursuant to CPLR 3408, alone, does not constitute an appearance in the action is wholly consistent with this Court's case law on the related issue of personal jurisdiction. A defendant does not waive the defense of lack of personal jurisdiction merely by attending a mandatory settlement conference (see e.g. Citimortgage, Inc. v Barton, 212 AD3d at 708).
IV. Here, the Defendants Did Not Appear in the Action
Consistent with this Court's interpretation of appearance under CPLR 3215(c), and contrary to the defendants' contention, the defendants' attendance at the March 2015 conference did not constitute an appearance in the action. Thus, the five-day notice provision of CPLR 3215(g)(1) with respect to the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants was not triggered (see Deutsche Bank Natl. Trust Co. v Kornblum, 240 AD3d 473; 21st Mtge. Corp. v Raghu, 197 AD3d 1212, 1216-1217).
Therefore, the Supreme Court properly rejected the defendants' contentions and denied vacatur pursuant to CPLR 5015(a)(4) of so much of the October 2015 order as granted those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment against the defendants and for an order of reference, and the order and judgment of foreclosure and sale.
V. Remaining Contentions
The defendants' remaining contentions either are improperly raised for the first time on appeal (see State of N.Y. Mtge. Agency v Costanza, 215 AD3d 990, 991), need not be reached in light of our determination, or are without merit.
VI. Conclusion
Accordingly, the August 2022 order is affirmed insofar as appealed from.
MILLER, VOUTSINAS and HOM, JJ., concur.
ORDERED that the order dated August 11, 2022, is affirmed insofar as appealed from, with costs.
ENTER:
Darrell M. Joseph
Clerk of the Court