Deutsche Bank Natl. Trust Co. v Medina (2026 NY Slip Op 00011)

Deutsche Bank Natl. Trust Co. v Medina

2026 NY Slip Op 00011

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Index No. 850005/14|Appeal No. 5507|Case No. 2025-00987|

[*1]Deutsche Bank National Trust Company, etc., Appellant,
vRoberto Sebelen Medina, Respondent, Betsie Marie Corujo Martinez et al., Defendants.

Knuckles & Manfro, LLP, Tarrytown (Max T. Saglimbeni of counsel), for appellant.
Binakis Law, P.C., Astoria (Patrick Binakis of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered January 22, 2025, which denied plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and granted defendant Roberto Sebelen Medina's cross-motion to dismiss the complaint as abandoned under CPLR 3215(c), unanimously affirmed, without costs.
Contrary to plaintiff's argument, defendant Medina's failure to move to vacate his default in answering the foreclosure complaint or appearing in this action did not operate as a waiver of his right to seek dismissal of the complaint pursuant to CPLR 3215(c) (see MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 529 [1st Dept 2021], lv denied 37 NY3d 908 [2021]; Sports Legends, Inc. v Carberry, 38 AD3d 470, 470 [1st Dept 2007]).
The court properly dismissed the complaint as abandoned (CPLR 3215[c]). Plaintiff failed to move for entry of a default judgment until April 13, 2023, more than one year after Medina's default (see Wells Fargo Bank, N.A. v Gwebu, 226 AD3d 578 [1st Dept 2024]). Medina's participation in settlement conferences did not constitute a formal or an informal appearance because he "did not actively litigate the action before . . . Supreme Court or participate in the action on the merits" (Wells Fargo Bank, N.A. v Martinez, 181 AD3d 470, 471 [1st Dept 2020] [internal quotation marks omitted]). Plaintiff failed to establish sufficient cause for why the complaint should not be dismissed, and dismissal was warranted even in the absence of prejudice to Medina (see U.S. Bank N.A. v Dickerson, 223 AD3d 930, 932 [2d Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026